# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:10-MC-00004-R

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　**PETITIONER**

**v.**

**CHARLES W. BROWNFIELD**　　　　　　　　　　　　　　　　　　**RESPONDENT**

## MEMORANDUM OPINION & ORDER

This matter is before the court upon Petitioner's Motion to Quash the Subpoena issued to United States Attorney David J. Hale (DN 29). Respondent has not responded and the time to file a response has passed. This matter is now ripe for adjudication. For the reasons that follow, Petitioner's motion is GRANTED.

## BACKGROUND

The relevant facts for this motion are as follows. The United States Attorney's Office for the Western District of Kentucky brings this action seeking to enforce two Internal Revenue Service ("IRS") summonses that were served on Respondent Charles W. Brownfield. Respondent has failed to comply with the summonses and this Court has scheduled a Show Cause Hearing for January 3, 2011, to determine why Petitioner should not be compelled to obey the Internal Revenue Service summonses. On October 19, 2010, Respondent caused to be issued upon United States Attorney David Hale a subpoena that demanded his appearance at the Show Cause Hearing. Petitioner requests that Hale "bring any and all documents and provide testimony that proves Title 18 is Constitutional Law." DN 29-2 at 3. Petitioner says that he intends to show that Title 18 of the United States Code was never ratified and therefore unconstitutional. DN 29 at 3-4.

On October 21, 2010, the United States Attorney's office replied to Respondent's

subpoena with a letter stating that his subpoena implicated the Department of Justice's *Touhy* regulations. The correspondence informed Respondent that before Hale could consider giving testimony, Respondent must "furnish a summary of the testimony and/or information sought and its relevance to the proceeding." DN 29-3 at 1. To date, Respondent has not answered this letter.

In this motion, Petitioner contends that the subpoena should be quashed for three reasons. First, Petitioner argues that Respondent has failed to abide by the *Touhy* regulations, specifically 28 C.F.R. § 16.23(c), and therefore requiring Hale to testify would compel him to act contrary to the regulations promulgated by the Department of Justice. Second, Petitioner states that the subpoena is unduly burdensome, as Respondent requests Hale to be present to offer testimony that Title 18 is unconstitutional, a "patently spurious legal premise." DN 29-1 at 3. Third, Petitioner says that as this Court has already rejected Respondent's argument that Title 18 is unconstitutional, Hale's appearance at the Show Cause Hearing to provide evidence to the contrary is unnecessary. Respondent has not responded to this motion.

## ANALYSIS

In *United State ex. rel Touhy v. Ragen*, the Supreme Court decided that junior federal officers relying on previously established agency regulations could not be forced to comply with court orders contrary to those regulations. *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951). The Attorney General has promulgated regulations instructing all employees of the Department of Justice about testifying in ongoing litigation. *Se*e 28 C.F.R. § 16.21, et seq. Where the United States is a party in the action and oral testimony is sought, the applicable regulations require that "an affidavit, or, if that is not feasible, a statement by the party seeking

2

the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 C.F.R. § 16.23(c).

In *United States v. Marino*, the Sixth Circuit found that a criminal defendant's Sixth Amendment right to confront and cross examine witnesses was not violated where the defendant had failed to follow these Department of Justice regulations. *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981). The court opined that:

> [t]he Department of Justice has a legitimate interest in regulating access to government information contained in its files or obtained by its employees during the scope of their official duties. Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired. The question of whether these procedures deny the defendants their Sixth Amendment right to call and cross-examine witnesses is not reached until the defendants follow the procedures and then have their demands denied.

*Id.*

*Marino*'s language demonstrates that absent his full compliance with 28 C.F.R. § 16.23(c), Respondent's subpoena must be quashed. The regulations unambiguously require an affidavit or summary of the testimony sought to be supplied to the attorney managing the government's case. Respondent failed to provide this information even after he was sent a copy of the relevant regulations by the United States Attorney's office and encouraged to submit a complying affidavit or demand. Finally, although Respondent's subpoena application includes a cursory explanation of what testimony he hopes to elicit from Hale, it is insufficient to meet the requirements of section 16.23(c).

Even if Respondent had complied with the procedures of 28 C.F.R. § 16.23(c), quashing the subpoena is warranted as it is unduly burdensome and ultimately seeks to address an issue already rendered moot by this Court's past rulings. Rule 45 allows a court to quash a subpoena

where it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Factors used by courts in civil discovery matters to determine the undue burden of a subpoena include "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 190 (2005) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). While the factors are not entirely analogous to the situation at hand, this Court finds the first factor, "relevance of the information requested," to be particularly persuasive. Respondent seems to indicate that Hale's testimony will be employed to show that Title 18 is unconstitutional. This information is not relevant because Title 18 is constitutional, despite Respondent's vague assertions that it is not. For this reason alone, Petitioner's motion is justified. Moreover, the Court has already considered and denied Respondent's Motion to Dismiss, which was in part predicated on the argument that Title 18 is unconstitutional. *See* DN 25 at 15; DN 28. As such, Hale's appearance before this Court at the Show Cause Hearing to present evidence illustrating the constitutionality of Title 18 is unnecessary.

## CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED that Petitioner's Motion (DN 29) is GRANTED.