# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:10-MC-00004-R

UNITED STATES OF AMERICA                            PETITIONER

v.

CHARLES W. BROWNFIELD                            RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon an action to enforce two Internal Revenue Service (IRS) summonses filed by the United States of America. Respondent Charles W. Brownfield has resisted the IRS's attempts to ensure compliance with the summonses. On January 3, 2011, a hearing was held in Bowling Green, Kentucky, for Brownfield to show cause why he should not be compelled to obey the IRS summonses. AUSA Elizabeth Parks appeared for Petitioner while Brownfield, *pro se*, appeared on his own behalf. Terri Turner, official court reporter, recorded the proceedings. This matter is now ripe for adjudication. For the reasons that follow, Brownfield is ORDERED TO COMPLY with the IRS summonses.

## BACKGROUND

The relevant facts for this motion are as follows. The United States Attorney's Office for the Western District of Kentucky brought this action on February 2, 2010, seeking to enforce two IRS summonses that has been previously served on Brownfield. The summons presented on IRS form 6637 ("Summons 6637") requested a "collection information statement," which is a summary of Brownfield's financial affairs from 1998 to 2006. The other summons, presented on IRS form 6638 ("Summons 6638"), requested Brownfield's income tax returns for 2005 and 2006. On April 21, 2010, a show cause hearing was scheduled to be held before Magistrate Judge Goebel, however Brownfield failed to appear. Judge Goebel issued an arrest warrant as a

result, which was effectuated on Brownfield August 9, 2010. A rescheduled hearing was then held on August 18, 2010, whereupon Judge Goebel decided to enforce the IRS subpoenas. DN 16. However, as the record from the August 9 hearing was unavailable due to technical problems, the Court decided, in an abundance of caution, to hold a de novo second show cause hearing so as to properly preserve all evidence and the arguments of the parties.

At the hearing held on January 3, 2011, Revenue Officer Steven K. Peck was the lone witness for Petitioner. Brownfield decline to cross examine Peck, though he did however offer a brief statement to the Court challenging its jurisdiction.

## STANDARD

Statute dictates that the IRS lacks the power to enforce the summons it issues and therefore, the agency is required to bring an action in the district where the target of the summons resides for enforcement. 26 U.S.C. § 7604(b). In setting forth a prima facie case for enforcement of a summons, the IRS must demonstrate the following: "(1) its investigation has a legitimate purpose; (2) the summoned materials are relevant to the investigation; (3) the information sought is not already in the possession of the IRS; and (4) the IRS has followed the procedural steps set forth in [26 U.S.C. § 7603]." *United States v. Pinnacle Hill, Inc.*, No. 84-CV-9024-BC, 1984 WL 6590, at *4 (E.D. Mich. March 23, 1984) (citing *United States v. Powell*, 397 U.S. 48, 57-58 (1964). Typically the agency is simply required to submit the affidavit of the investigating revenue agent to meet its burden. *United States v. Will*, 671 F2d 963 (6th Cir. 1982). Accordingly, the burden on the IRS is small, and once it has been met, the target of the summons is required to then show that "enforcement of the [s]ummons would be an abuse of the Court's process." *Pinnacle Hill*, 1984 WL 6590, at *5 (citing *Powell*, 397 U.S. at

2

57-58).

## ANALYSIS

After reviewing the pre-hearing motions, the exhibits presented, and the hearing's testimony, the Court has come to a number of conclusions. First, the documentary and testimonial evidence offered by Peck demonstrates that he served the summonses on Brownfield at his address in Bowling Green, Kentucky, on February 12, 2009. DN 1-1. Second, Brownfield has not complied with Summons 6637. Peck testified that while Brownfield submitted the requested tax returns in compliance with Summons 6638,[1] he failed to comply with the other summons. Peck explained that Summons 6637 sought the disclosure of Brownfield's financial information from 1998 to 2006 so the IRS could reconstruct his tax liability for those years. Following a number of conversations and correspondence between the two, Peck is of the opinion that Brownfield will not comply with Summons 6637 unless this Court orders him to do so. Finally, the Court believes that while Brownfield has submitted a number of written documents to Peck throughout this matter, none of these items have satisfied the requests set forth in Summons 6637. On the whole, Brownfield's written responses attest only to his non-compliance with Peck's investigation and put forth the legal argument that the Court is without jurisdiction to rule on this case; the documents do not offer or contain the petitioned for financial data. This strikes the Court as non-responsive.

These determinations, in conjunction with the pre-hearing record, demonstrate that the IRS has carried its burden in establishing a prima facie case. Peck is attempting to compile the

---

[1] While Brownfield has submitted his tax returns for 2005 and 2006, Peck testified that he does not believe the documents contain accurate information as certain figures unique to Brownfield previously provided by third parties do not correspond to the documents he provided.

necessary documents to determine Brownfield's tax liability, Brownfield has repeatedly refused to turn over this material, and the IRS has followed the mandated procedure in § 7603.  In his attempt to meet his burden as to why enforcement of the summons is improper, Brownfield has failed to put forward any convincing arguments to rebut the IRS's evidence.  Although he has repeatedly questioned the jurisdiction of the Court as well as alluded to the party-in-interest requirement, Brownfield has offered no legitimate arguments why the Court should not enforce the summons.  It is clear that the Court has jurisdiction to hear this matter.  While the Court does not doubt the sincerity of his assertions, they have no legal merit.

## CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED THAT the petition to enforce the summons on IRS Form 6637 (DN 1-4) is GRANTED.  Respondent shall have 30 DAYS FROM THE DATE OF THIS ORDER to comply with the summons.  Failure to do so, and upon proper motion by the Petitioner, may result in Respondent being held in contempt of court.

IT IS FURTHER ORDERED THAT the petition to enforce the summons on IRS Form 6638 (DN 1-5) is DENIED as moot.

cc:	Counsel
	Charles Brownfield, *pro se*

1/00 (BG)