UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-MC-00004-R

UNITED STATES OF AMERICA                                            PETITIONER

v.

CHARLES W. BROWNFIELD                                               RESPONDENT

**MEMORANDUM OPINION (CONTAINING FINDINGS OF FACT AND
CONCLUSIONS OF LAW) AND CONTEMPT ORDER**

This matter comes before the Court on its order for a Show Cause Hearing on May 2, 2011, at 10:30 a.m. in Bowling Green, Kentucky. Respondent Charles W. Brownfield has been ordered to appear and show cause why he has not complied with the Court's earlier rulings and why a warrant should not be issued for his arrest. Following the hearing, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. The United States Attorney's Office for the Western District of Kentucky brought this action on February 2, 2010, seeking to enforce two Internal Revenue Service ("IRS") summonses that had been previously served on Brownfield.

2. The summons presented on IRS form 6637 ("Summons 6637") requested a "collection information statement," which is a summary of Brownfield's financial affairs from 1998 to 2006. The other summons, presented on IRS form 6638 ("Summons 6638) (collectively "Summonses"), requested Brownfield's income tax returns for 2005 and 2006.

3. On April 21, 2010, a show cause hearing was scheduled before Magistrate Judge Goebel. Brownfield failed to appear. Judge Goebel issued an arrest warrant as a result, which

1

was effectuated on Brownfield August 9, 2010.

4. A rescheduled hearing was then held on August 18, 2010, whereupon Judge Goebel decided to enforce the IRS subpoenas. DN 16. The record of this hearing was corrupted due to a technical problem, and the Court elected, out of an abundance of caution, to have another show cause hearing.

5. On January 3, 2011, a second show cause hearing was held in Bowling Green, Kentucky, where Brownfield could explain why he should not be required to comply with the Summonses. AUSA Elizabeth Parks appeared for Petitioner while Brownfield, *pro se*, appeared on his own behalf. Terri Turner, official court reporter, recorded the proceedings.

6. At this hearing, Revenue Officer Steven K. Peck was the lone witness for Petitioner. Brownfield declined to cross examine Peck, though he did offer a brief statement to the Court challenging its jurisdiction.

7. After listening to the arguments, the Court found that the IRS had sets forth its prima facie case for the enforcement of the Summonses. *See United States v. Pinnacle Hill, Inc.*, No. 84-CV-9024-BC, 1984 WL 6590, at *4 (E.D. Mich. Mar. 23, 1984) (listing requirements for prima facie case for IRS summons).

8. The Court further found that although Brownfield had made certain attempts to demonstrate why enforcement of the summons is improper, he failed to put forward any convincing arguments to rebut the IRS's evidence. The Court also rejected Brownfield arguments that it was without jurisdiction to hear the matter.

9. Immediately following the hearing, the Court ordered Brownfield to comply with the Summonses, stating that failure to do so may result in a contempt order and his arrest. The Court

then issued a written memorandum and opinion order on January 10, 2011. DN 34. This document set forth much of the factual and legal foundation described above, found that enforcement of the Summonses was appropriate, and ordered Brownfield to comply with them within 30 days. *Id*. at 2-4. The Court again warned that failure to comply may result in Brownfield being held in contempt of court. *Id*. at 4.

10. On April 25, 2011, the Government moved to hold Brownfield in contempt of court for failure to comply with the Court's order of January 10, 2011. DN 36. The Government alleged that as of the motion's date, Brownfield had not complied with the Summonses or contacted Revenue Officer Stephen Peck. *Id*.

11. On April 26, 2011, the Court ordered the instant show cause hearing, stating that Brownfield "must appear and show cause why the Court should not grant the Government's motion and issue a warrant for his arrest." DN 37. A copy of this order was sent by mail to Brownfield's residence on the date of its issuance.

12. Despite the notice and the gravity of the proceedings, Brownfield failed to appear at the predetermined date and time to contest the Government's allegations.

13. Prior to initiating the hearing, the Court contacted local counsel Ralph Beck to aid Brownfield, should he appear. Beck's services were provided without any cost to Brownfield. Beck was present the day the hearing was scheduled.

14. Brownfield failed to appear at the hearing and as a result a warrant was issued for his arrest.

## CONCLUSIONS OF LAW

1. Any of the above-stated findings of fact that would be more appropriately listed in the

conclusions of law are hereby incorporated by reference and adopted as Conclusions of Law.

2. Broad discretion is given a trial court in deciding a contempt petition. *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

3. "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). In addition, the court's previous order of which the non-movant is in violation must be "clear and unambiguous" to support a finding of contempt. *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2007) (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)).

4. If the movant sets out a prima facie case, the non-movant must then provide evidence "showing that he is presently unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). The burden upon the non-movant is stringent, as he must demonstrate "categorically and in detail why he or she is unable to comply with the court's order." *Id.* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)). A court may also consider if the non-movant "took all reasonable steps within [his or her] power to comply with the court's order." *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir.1989)).

5. Based on the record before it, the Court finds that the Government has shown clear and convincing evidence that Brownfield has violated the order of January 10, 2011.

6. The Court's order unambiguously required Brownfield to cooperate with the IRS's

investigation and to make available the requested documents in the Summonses. It made clear that within 30 days of its issuance, Brownfield was to turn over the petitioned-for documents contained within the Summonses.

7. To date, Brownfield has refused to abide by this order, nor offered legitimate reasons counseling against such action. The Court also finds that Brownfield's repeated objections to its jurisdiction to be completely without a basis in law or fact. The Court has thrice told Brownfield that is has jurisdiction over this matter, through either written opinions or in person during the previous show cause hearings. While the Court believes that Brownfield's arguments are sincere, they are entirely without merit and thus are not further addressed.

## CONCLUSION

For the aforementioned reasons, IT IS HEREBY ORDERED:

1. The Government's Motion to hold Respondent Charles W. Brownfield in civil contempt of court (DN 36) is GRANTED.

2. Respondent Charles W. Brownfield must comply with the Court's previous order of January 10, 2011 (DN 34). Brownfield may purge this order of contempt by complying with the Court's earlier orders and releasing the requested documents to either the Government's counsel or Revenue Officer Steven K. Peck.

cc:    Counsel
       Charles Brownfield, *pro se*

1/00 (BG)